**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELVIN RAINEY, | : |
| Petitioner, | : Civ. No. 18-10271 (JMV) |
| v. | : |
| GEORGE ROBINSON, et al., | : **NOTICE AND ORDER** |
| Respondents. | : |

**VAZQUEZ, District Judge:**

It appearing as follows:

1. Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 but used a form that did not contain a *Mason* notice. (D.E. 1.) Accordingly, this Court is required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing a petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give him an opportunity to file one all-inclusive § 2254 petition.

2. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d). Absent extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed. *See* 28 U.S.C. § 2244 (b).

3. This one all-inclusive § 2254 petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and substantially follow the form appended to the Habeas Rules. *See* 28 U.S.C. § 2254 Rule 2(c) & (d).

4. The district court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See Henderson v. Frank*, 155 F. 3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). Exhaustion requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground raised in the petition to all three levels of New Jersey courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

5. If you intend the Petition you filed to be your one all-inclusive § 2254 petition, you may now tell the Court how you want to proceed by choosing one of the following options and notifying the Clerk of your choice pursuant to the terms of this Notice and Order.

**a. Have your pending § 2254 Petition ruled upon as filed;**

or

**b. Withdraw your pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.**

6. If you choose option 5.a. above and this Court decides the merits of your claims, then you will lose your ability to file a second or successive petition under § 2254, absent certification

by the Court of Appeals for the Third Circuit and extraordinary circumstances. If you choose option 5.b. above and your original petition was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled from the date you handed your original Petition to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Notice and Order. Under these circumstances, if your original § 2254 Petition was filed within the one-year limitations period, you will have the 45-day response period plus any time remaining within your one-year statute of limitations period (as of the date you filed your original application) to draft and file your one all-inclusive § 2254 petition.

7. This Court makes no finding as to the timeliness of the Petition as filed.

8. Petitioner has also filed a motion for default judgment, (D.E. 12.), arguing that Respondents had failed to oppose his motion for summary judgment, (D.E. 10.). The Court terminated Petitioner's motion for summary judgment by text order, (D.E. 11.), and advised that the Court would "consider the merits of Petitioner's motion for summary judgment when it considers the merits of the underlying petition for writ of habeas corpus." *Id*. The Court terminated the motion for summary judgment because such motions are inappropriate in habeas cases for a litany of reasons. *See, e.g.*, *Manfredi v. United States*, No. 12-1905, 2012 WL 2884006, at *1 (D.N.J. July 13, 2012) (denying motion for summary judgment where respondents had not yet filed an answer); *Scott v. FCI Fairton*, No. 09-0929, 2010 WL 2540456, at *3 (D.N.J. June 16, 2010), *aff'd*, 407 F. App'x 612 (3d Cir. 2011) ("For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose.").

9. Since the Court terminated Petitioner's motion for summary judgment, Respondents had no obligation to file a response to that motion. Consequently, Petitioner is not entitled to default judgment. In any event, motions for default judgment are also inappropriate in habeas cases for a wide variety of reasons. *See, e.g.*, *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment."); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (observing that if district courts were to grant default judgments in habeas cases, "it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them"); *Garcia v. United States*, No. 19-181, 2019 WL 5788087, at *1 (D.N.J. Nov. 6, 2019). Accordingly,

IT IS, on this ___ day of May 2021,

**ORDERED** that the motion for default judgment, (D.E. 12.), is DENIED; and it is further

**ORDERED** that Petitioner has 45 days from the entry of this Notice and Order to file with the Clerk a letter or other written response advising the Court how he would like to proceed; and it is further

**ORDERED** that if he does not file a signed response choosing one of the above options within 45 days of the entry of this Notice and Order, then the Court will rule on the Petition as filed; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter pending receipt of Petitioner's response; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Notice and Order upon Petitioner by regular U.S. mail.

                                                                                    /s/ John Michael Vazquez
                                                                                    JOHN MICHAEL VAZQUEZ
                                                                                    United States District Judge