**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELVIN RAINEY, | Civil Action No: 18-10271 (SDW) |
|                  Petitioner, | |
| v. | **WHEREAS OPINION** |
| GEORGE ROBINSON, *et al.*, | |
|                  Respondents. | July 14, 2025 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon *pro se* Petitioner Melvin Rainey's ("Petitioner") motion for an order granting his "request for late filing for certificate of appealability." (ECF No. 52 ("Motion")); and

      **WHEREAS** this Court denied Petitioner's 28 U.S.C. § 2254 habeas corpus petition on February 3, 2025. (ECF No. 48). This Court declined to issue a certificate of appealability, (*id.*); and

      **WHEREAS** Petitioner submitted a notice of appeal on March 11, 2025. (ECF No. 50). His appeal is currently pending in the United States Court of Appeals for the Third Circuit, *Rainey v. Administrator Northern State Prison*, Appeal No. 25-1456 (3d Cir.); and

      **WHEREAS** on May 7, 2025, Petitioner submitted a document captioned as a "motion for an order granting Petitioner's request for late filing for certificate of appealability" to this Court. (ECF No. 52). The Motion asserts that Petitioner is detained in Kintock Halfway House in Bridgeton, New Jersey. (*Id.* at 3). Petitioner states in a signed declaration that he does not have access to a law library at Kintock and must use the library at either South Woods State Prison or Northern State Prison. (*Id.*) He declares that "any delay was due to the deliver [sic] of documents

from Kintock to the Prison and then to the Courthouse." (*Id.*); and

  **WHEREAS** it is not entirely clear that Petitioner is seeking any relief from this Court. The Motion is addressed to the Clerk of the Third Circuit. (*Id.* at 1). This Court takes judicial notice that an identical motion is pending before the Third Circuit in Petitioner's appellate case. (Appeal No. 25-1456 ECF No. 7). To the extent the filed Motion is only an informational copy of the one pending before the Third Circuit, it requires no action from this Court; and

  **WHEREAS** if Petitioner intended to file a motion to extend his time to appeal pursuant to Federal Rule of Appellate Procedure 4, this Court must deny the Motion; and

  **WHEREAS** "the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal citation and quotation marks omitted). Petitioner was required to file a notice of appeal 30 days after this Court dismissed his habeas petition, *i.e.*, by March 5, 2025. Fed. R. App. P. 4(a)(1)(A). Petitioner filed his notice of appeal a week too late (ECF No. 50); and

  **WHEREAS** the rules allow this Court to extend the time to appeal if Petitioner can show good cause or excusable neglect for failing to file a timely appeal. However, this Court may only do so if the motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). Here, Petitioner did not file this Motion within the additional 30-day period; therefore, this Court lacks the authority to extend the time to appeal under Rule 4(a)(5); and

  **WHEREAS** this Court also cannot reopen the time to appeal under Rule 4(a)(6). Under that provision, this Court may reopen the time to appeal for 14 days if no party would be prejudiced, the motion to reopen is filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," and this Court "finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to

be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A)-(C); and

**WHEREAS** Petitioner does not assert that he did not receive a copy of the Opinion and Order dismissing his § 2254 petition within 21 days of their entry. (ECF No. 52 at 3). Instead, he argues that any delay occurred after he mailed his documents "from Kintock to the Prison and then to the Courthouse." (*Id.*); and

**WHEREAS** "Congress specifically limited district courts' ability to reopen the time for appeals, 28 U.S.C. § 2107(c), and Petitioner has not met the requirements of that statute." *Miller v. Powell*, No. 21-cv-13847, 2023 WL 6366094, at *1 (D.N.J. Sept. 29, 2023). Therefore, this Court does not have the authority to reopen the time for appeal; therefore,

Plaintiff's Motion is **DENIED**. An appropriate order follows.

_____
**SUSAN D. WIGENTON, U.S.D.J.**

3